UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRANDAN ROLAND

    Plaintiff,
vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.

    Defendant
_____/

## **COMPLAINT**

**COMES NOW**, the Plaintiff, BRANDAN ROLAND, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and further states as follows:

### GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b). The cause of action is in excess of $75,000.00. There is diversity of citizenship. Plaintiff is a resident and citizen of the state of Louisiana. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, such conditions do not apply to this Plaintiff.

3. Defendant is a Panamanian Corporation, licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

COUNT ONE-NEGLIGENCE

4. Plaintiff BRANDAN ROLAND reavers and realleges paragraphs One through Three.

5. On or about December 22, 2014, Plaintiff, BRANDAN ROLAND was a fare-paying passenger on CARNIVAL DREAM. The vessel was in navigable waters. Defendant owned or operated CARNIVAL DREAM at all times material.

6. At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to maintain a passenger deck in a reasonably safe condition by having a carpet that would nt be unreasonably wet nor be unreasonably slippery when wet, and/or;

   b. Failing to have warnings of the dangers of walking on a passenger deck, and/or;

   c. Failing to have a safe walking surface on a passenger deck, and/or;

   d. Failing to properly design a passenger deck regarding the use of carpet, and/or;

   e. Failing to properly construct a passenger deck, and/or;

   f. Failing to correct a hazard on a passenger deck after it had actual and/or constructive notice of the defect, and/or;

   g. Failing to keep a carpet clean and dry, and/or;

8. As a result of the foregoing, the Plaintiff was injured when he walked across a very wet carpet while leaving the Encore Theatre and slipped and fell.  There were numerous crew members in the area and the size of the wet area of the carpet was large so that Defendant's employees in the area using ordinary reasonable care in the circumstances, should have seen that the carpet was wet and dried it before Plaintiff slipped and fell or at least warned Plaintiff of the dangerous conditions.

9. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity.

10. At all times material, Plaintiff acted with due care for his own safety.

11. In the alternative, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation.

12. Defendant actively participated in the design and construction of CARNIVAL DREAM.  Defendant through its new build department, in-house engineers, architects and designers and others, actively participated in the design and construction of CARNIVAL DREAM and chose or participated in choosing the deck materials such as carpet and deck materials, such as those where Plaintiff

      tripped and fell.

13. The Defendant contracted with design firms to design the Lido Deck where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner, had the ultimate ability and responsibility to accept or reject the design and construction, and/or materials chosen, including the decking material where the incident occurred.

14. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense, and physical handicap and a loss of the ability to enjoy life; loss of the enjoyment of his cruise, suffered a loss of earnings and earning capacity and an aggravation of known and/or unknown pre-existing conditions, and injuries to his body including a micro-fracture and meniscal teat and ligament sprains to his left knee requiring two surgeries and months of physical therapy. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest. Jury trial is demanded.

      Dated this 1st day of December, 2015.

                        HOFFMAN LAW FIRM  
                        PAUL M. HOFFMAN, P.A.  
                        2881 East Oakland Park Boulevard  
                        Fort Lauderdale, FL 33306

        Telephone: (954) 707-5040

By: *//s// Paul M. Hoffman*
   PAUL M. HOFFMAN, ESQ.
   Florida Bar No: 0279897